# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**IVEY MECHANICAL COMPANY**     **PLAINTIFF**

**V.**     **CASE NO. 1:06CV236**

**COASTAL CRANE & EQUIPMENT, INC.**     **DEFENDANT**

## ORDER

This cause comes before the court on Coastal Crane & Equipment's motion [5] to dismiss due to lack of personal jurisdiction. The court has reviewed the briefs and submissions and is prepared to rule.

Coastal Crane ("Coastal") is a Florida corporation located in Bradenton, Florida. Ivey Mechanical Company ("Ivey") is a limited liability company registered to do business in the state of Mississippi whose principal place of business and mailing address is also in Mississippi. Ivey entered into a contract to perform work on a project in Sarasota, Florida, so the company rented a crane from Coastal to move a York air cooled chiller to the construction site. Ivey alleges that Coastal failed to maintain control of the chiller, resulting in the chiller dropping to the ground and causing damage to the chiller and the chiller water riser pipes under the chiller.

On July 19, 2006, Ivey filed suit against Coastal in the Circuit Court Attala County, Mississippi, pursuant to a forum selection clause in the Change Order form. On August 22, 2006, Coastal removed the case to federal court on the basis of diversity jurisdiction. Coastal now attacks the forum selection clause alleging that it never received a copy of the terms and conditions that included the forum selection clause and that the clause is not binding as the signature line below the clause was not executed.

Neither party disputes that all of the alleged acts occurred in the state of Florida or that Mississippi's long arm statute, Miss. Code Ann §13-3-57, does not apply to Coastal as no tort was committed in Mississippi, the contract was not entered into in Mississippi, nor does Coastal advertise or do business in Mississippi. However, Ivey maintains that the issue of minimum contacts is not relevant when a clear and unambiguous forum selection clause is in operation.

Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Peterson v. Test Inter., E.C.*, 904 F.Supp. 574, 580 (S.D. Miss. 1995) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court. *Mitsui & Co. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997).

While none of these grounds for unreasonableness has been stated explicitly in its motion, this court assumes that Coastal is asserting that the enforcement of the forum selection clause would constitute overreaching due its claim that it never received a copy of the terms and conditions. This court recognizes that an injustice would occur if a party were forced into a forum having never received notice that it could be subject to litigation there. However, the Change Order form that Coastal admits to receiving plainly states "See Terms and Conditions" under the section entitled Payment Terms. At the very least, Coastal was on notice that a set of terms and conditions existed. Clearly, the agreement was to be governed by the terms and conditions and no one disputes that Coastal attempted performance of the agreement. The Supreme Court has stated that the fact that there may not have been actual negotiations over a

2

forum selection clause does not affect its validity. See *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622. Accordingly, the defendant's motion [5-1] to dismiss is DENIED.

This the 20th day of February, 2007.

                                      **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**